**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Griffin, ) | No. CIV 06-2886-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Lincoln National Corporation, d/ba/) Lincoln Financial Group; Jefferson Pilot) Corporation, d/b/a Jefferson Pilot Group;) Bob and Jane Doe Martin; and Mike and) Jane Doe Cataldo, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court is Defendants' Lincoln National Corporation, d/ba/ Lincoln Financial Group; Jefferson Pilot Corporation, d/b/a Jefferson Pilot Group; Bob and Jane Doe Martin; and Mike and Jane Doe Cataldo ("Defendants") Motions for Order Dismissing Action Due to the Existence of a Written Agreement Requiring Arbitration (Dkt.#15-1); for Order Declaring "Moot" All Pending Motions (Dkt.#15-2); and for Order Granting Leave to Individual Defendants Martin and Cataldo to Withdraw Motion Asserting Lack of Personal Jurisdiction and for Leave to Answer, Asserting that Same Defense. (Dkt.#15-3). After reviewing the papers and holding oral argument on May 22, 2007, the Court issues the following Order.

/ / /

/ / /

## I. Background and Procedural History

On October 26, 2006, Plaintiff David Griffin ("Plaintiff' or "Plaintiff Griffin") filed the instant action in the Superior Court of Maricopa County, Arizona asserting claims of breach of contract; breach of the implied covenant of good faith and fair dealing; negligent misrepresentation; specific performance; and intentional interference with contract, prospective contractual relations, and prospective business expectancies. (Dkt.#1, Exhibit B). Plaintiff's claims arise out of his employment with Defendant Jefferson Pilot Corporation ("Defendant JPC") in October and November of 2005. Plaintiff alleges that after many months of negotiations, Plaintiff entered into a formal employment contract with Defendant JPC on or about September 29, 2005, which possessed the specific terms of the employment contract. Plaintiff states that the contract was signed on October 2, 2006. (Id. ¶¶ 11-12). However, after Plaintiff arrived for training on November 14, 2005, in Greensboro, North Carolina, Plaintiff alleges that Defendants Bob Martin and Mike Cataldo (the "Individual Defendants") removed Plaintiff from the training session. (Id. ¶ 15). Plaintiff alleges that he was then "blocked" from further employment with Defendant JPC and was ultimately wrongfully terminated. (Id. ¶¶19, 23). Due to Defendants' actions, Plaintiff asserts that he was damaged far in excess of the minimum compensation package of $708,804. (Id. ¶24).

On November 30, 2006, the Defendants removed this action to this Court on the basis of diversity of jurisdiction pursuant to 28 U.S.C. § 1332. On December 7, 2006 Defendants Lincoln National Corporation ("Defendant LNC") and Defendant JPC (the "Corporate Defendants") answered Plaintiff's complaint. (Dkt.#5). The same day the Individual Defendants filed their motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Dkt.#6). That motion was fully briefed by the Individual Defendants and Plaintiff, including Plaintiff's Motion to Strike. (Dkt#13). On February 6, 2007, before the Individual Defendants' motion to dismiss for lack of personal jurisdiction was addressed by the Court, the Defendants filed their instant Motion seeking to: (1) dismiss or stay the current action because of the existence of an arbitration clause in an agreement between the Parties; (2) to declare moot the Individual Defendants'

motion to dismiss for lack of personal jurisdiction and Plaintiff's motion to strike; (3) for leave to withdraw the Individual Defendants' motion to dismiss for lack of personal jurisdiction coupled with leave to permit the Individual Defendants to file their answer raising as a defense the lack of personal jurisdiction. The Defendants argue that the arbitration provision in the contract entered into between the Parties on November 1, 2005, entitled the "Agent Contract" mandates arbitration of the dispute. The Plaintiff has filed opposition, in part, to the Individual Defendants' request to withdraw the motion to dismiss for lack of personal jurisdiction and fully opposes the Defendants' request to dismiss or stay this action.

In addition to requesting a dismissal or a stay of the proceedings before this Court due to an alleged binding arbitration clause, Defendants inform this Court that on February 5, 2007, Defendants filed a separate declaratory action in the United States District for the Middle District of North Carolina, CIV 07-0096 (the "North Carolina Action"). In the North Carolina Action, the Defendants (the plaintiffs in the North Carolina Action) seek a declaratory judgment from the district court declaring the arbitration clause, the same clause at issue in the instant litigation, to be valid and enforceable. Further, Defendants seek an order declaring all matters in controversy to be resolved by binding arbitration in North Carolina.[1] Notably, on March 26, 2007, Plaintiff Griffin, (the defendant in the North Carolina Action), filed a motion to dismiss, stay or transfer venue in the North Carolina Action. Plaintiff Griffin asserts that such relief from the North Carolina district court is appropriate because: (1) the same parties and the same or similar issues are presented in this action, *i.e.*, the Arizona action, and has been pending since October 25, 2006; (2) Defendants seek the same determination and relief in the Arizona action; and (3) the North Carolina

---

[1] Defendants inform this Court that the North Carolina Action was filed in order to compel arbitration in North Carolina pursuant to the forum arbitration clause at issue. See Textile Unlimited, Inc. v. A..BMH and Co., Inc., 240 F.3d 781, 785 (9th Cir. 2001) ("[B]y its terms, § 4 [of the Federal Arbitration Act] only confines the arbitration to the district in which the petition to compel is filed.").

- 3 -

action should have been asserted instead as a compulsory counterclaim in the Arizona action. The Defendants have filed their opposition to the Plaintiff's motion in the North Carolina Action and it became fully briefed with Plaintiff's reply on May 3, 2007.

**II.     Defendants' Motion for Leave to Withdraw Individual Defendants' Motion to Dismiss and Declare Certain Motions Moot**

As detailed above, the Individual Defendants' have changed their position with respect to defending against Plaintiff's lawsuit in this case. Notably, the Individual Defendants seek an order from this Court permitting them to withdraw their Motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) Fed.R.Civ.P. and for leave to file their lodged answer asserting, amongst others, the defense of personal jurisdiction. The Plaintiff does not object to the Individual Defendants' request to withdraw the motion, but seeks verification from the Court that Defendants cannot pursue another Rule 12(b) motion during this litigation. Plaintiff cites the Court's attention to Rule 12(g) Fed.R.Civ.P. in support of his argument that Defendants "have waived the ability to pursue another Rule 12(b) Motion." (Plaintiff's Partial Opposition, Dkt.#21, p.2).

In reviewing the arguments advanced, and seeing that the Plaintiff does not object, the Court finds that it is appropriate to grant the Individual Defendants' Motion to withdraw their motion to dismiss for lack of personal jurisdiction. As such, the Individual Defendants' lodged answer will be deemed filed. Moreover, in response to the Plaintiff's waiver argument, the Court only refers the Parties to the plain language of Rules 12(g) and 12(h) of the Federal Rules of Civil Procedure.

Specifically, Rule 12(g) provides in pertinent part:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Importantly, Rule 12(h)(2) expressly identifies those Rule 12(b) defenses that cannot be waived if not raised in a pre-answer motion by providing in pertinent part:

> A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state

- 4 -

a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

As such to the extent Plaintiff suggests that the Defendants are somehow barred from asserting another motion to dismiss based upon the defenses identified in Rule 12(h)(2) that argument is not well taken. Therefore, in granting the Individual Defendants' Motion to withdraw the motion to dismiss for lack of personal jurisdiction the Court makes clear that Rule 12(h) applies to any future such motions.

**III.        Defendants' Motion to Dismiss Due to Existence of Arbitration Agreement**

Defendants, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, request that this Court dismiss or stay the instant case based upon the existence of an arbitration provision found within the terms of the Agent Contract between Plaintiff and the Defendants. Although Defendants concede that three contracts are implicated by Plaintiff Griffin's suit, Defendants argue that the arbitration provision within the Agent Contract controls. The arbitration provision of the Agent Contract provides in pertinent part:

> **Arbitration.** All claims or controversies arising out of or relating to this contract shall be settled by arbitration. This paragraph provides the exclusive remedy for any dispute that may arise between you and us ... which the parties are not able to resolve in good faith. In the event of any unresolved dispute relating to this contract, including but not limited to a dispute about the interpretation of this contract or about your claim to compensation, either party may demand arbitration, by giving written notice to the other party. ... Any arbitration arising between the parties with respect to this contract shall be conducted in Greensboro, NC, or in Concord, NH.

(Defendants' Motion, Dkt.#15, Exhibit 3).

Defendants contend that dismissal or stay in this Court is proper because the allegations of Plaintiff's complaint invoke or "touch upon" the arbitration provision of the Agent Contract. In opposition, Plaintiff contends that this arbitration provision has no impact on the pending litigation because the Agent Contract is not invoked by Plaintiff's lawsuit. Plaintiff argues that two prior contracts between the Parties are implicated by the litigation, but not the Agent Contract. Most notably, Plaintiff Griffin states that he sued only upon the "District Agency Manager" contract signed by Plaintiff on October 2, 2005, (Defendants' Motion to Dismiss, Dkt.#15, Exhibit 2), which does not contain any type of arbitration provision.

- 5 -

Before the Court entertains the merits of the positions advanced above, the Court finds it necessary to address the significance of the pending North Carolina Action. While Defendants seek relief of a dismissal or stay of the litigation in this Court and seek to compel arbitration in the North Carolina Action, the core issue presented in both actions is identical. Specifically, whether the arbitration provision within the Agent Agreement is valid and applicable and requires arbitration of the Plaintiff's claims against the Defendants. The fact that there are two pending suits in different districts between the same parties addressing identical issues raises of comity. Specifically, the comity doctrine vests a district court with discretion to decline jurisdiction over a case in order to avoid parallel litigation in a coordinate court. <u>Kerotest Mfg. Co. v. C-OTwo Fire Equip. Co.</u>, 342 U.S. 180, 184 (1952). A court may employ the comity doctrine where two claims have been filed in different courts over the same issue involving the same parties. <u>Church of Scientology of California v. U.S. Dep't of Army</u>, 611 F.2d 738, 749 (9th Cir.1979). Both courts visiting the same issue raises concerns regarding the unreasonable use of judicial resources as well as the possibility of inconsistent findings. Notably, currently pending in the North Carolina Action is Plaintiff Griffin's motion to dismiss, stay or transfer venue to the Arizona district court. Plaintiff Griffin cites the pending Arizona action and the fact that this Court is presented with the same issue and was presented with the issue first.

The Court finds Plaintiff Griffin's pending motion in the North Carolina Action to be significant in terms of future handling of this case. For instance, should the North Carolina district court grant Plaintiff Griffin's motion and dismiss, stay or transfer the North Carolina action, then there will be no risk of inconsistent rulings or an unnecessary draw on judicial resources as this Court would be the only court addressing the merits of the arbitration issue. However, should the North Carolina district court deny Plaintiff Griffin's motion and proceed toward entertaining the merits of the Defendants' declaratory suit then this Court would be inclined to defer the arbitration issue to the North Carolina district court's ruling on the merits. It would create the possibility of inconsistent results if this Court were to go ahead and evaluate the merits of the Defendants' instant Motion to dismiss or stay now, rather than

- 6 -

await the North Carolina district court's ruling on Plaintiff Griffin's motion to dismiss, stay or transfer. A potential ruling by this Court dismissing or staying the action based upon a finding that the arbitration provision applies and controls could run afoul of a subsequent ruling by the North Carolina district court when it addresses compulsion, should it deny Plaintiff Griffin's pending motion to dismiss, that the arbitration provision is inapplicable. As such, once the North Carolina district court rules upon Plaintiff Griffin's motion to dismiss, transfer or stay, this Court will be better informed as to future handling of Defendants' pending Motion to dismiss. Therefore, the Court will grant, in part, the pending Motion to dismiss of stay filed by the Defendants. The Court will temporarily stay these proceedings pending the results of the Plaintiff's motion to dismiss pending in the North Carolina Action. See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to control its own docket.").

**Accordingly,**

**IT IS HEREBY ORDERED** granting, in part, Defendants' Motion for Order Dismissing Action Due to the Existence of a Written Agreement Requiring Arbitration; for Order Declaring "Moot" All Pending Motions; and for Order Granting Leave to Individual Defendants Martin and Cataldo to Withdraw Motion Asserting Lack of Personal Jurisdiction and for Leave to Answer, Asserting that Same Defense. The Motion is granted to the extent that the Individual Defendants' motion to dismiss for lack of personal jurisdiction is withdrawn (Dkt.#6) and the pending motion to strike is denied as moot (Dkt.#13). In addition, Defendants' request for leave to their lodged Answer is granted. (Dkt.#'s 15-2; 15-3). The Court will temporarily stay these proceedings pending the results of the Plaintiff's motion to dismiss pending in the North Carolina Action. (Dkt.#15-1).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to file the Individual Defendants' lodged answer. (Dkt.#16).

**IT IS FURTHER ORDERED** that to the extent Plaintiff Griffin seeks expedited ruling on Defendants' Motion to dismiss, the request is denied for the reasons stated above. (Dkt.#21).

- 7 -

1 **IT IS FURTHER ORDERED** staying the instant litigation pending the results of the
2 Plaintiff's motion to dismiss pending in the North Carolina Action. The Parties are directed
3 to notify the Court in writing of any relevant action in the North Carolina Action within five
4 business days of the action.

5 DATED this 13th day of September, 2007.

_____
Mary H. Murguia
United States District Judge